**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER-OPINION AND ORDER**

May 16, 2005

Wendie Elovich, Esq.
180 White Road
Suite 204
Little Silver, NJ 07739
(Counsel for Plaintiff)

Deborah C. Sandlaufer, Esq.
Grotta, Glassman & Hoffman, P.A.
75 Livingston Avenue
Roseland, NJ 07068
(Counsel for Defendants)

> Re:  Hessert v. Arzee Supply Corp., et al.
>      Civil Action No.: 01-CV-4277 (JLL)

Dear Counsel:

This matter comes before the Court on the motion of Defendants Arzee Supply Corp. of New Jersey and Alvin Roth (collectively referred to as "Defendants") for costs, disbursements and counsel fees. The Court has considered the papers submitted in support and in opposition to this motion. The motion is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Defendants' motion is DENIED, in toto.

Page -1-

**BACKGROUND**

A detailed factual background in this case is set forth in an earlier Opinion and Order of this Court dated March 30, 2004, and will not be repeated here, except where necessary to provide context for the resolution of the pending motion. Plaintiff commenced suit against Defendants Arzee Supply, Alvin Roth and Murray Gilbert on September 7, 2001. Plaintiff's four-count Amended Complaint alleged violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000, et seq.; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112 (a); 42 U.S.C. § 12203 (a); the Equal Pay Act, Fair Labor Standards Act of 1938, § 6(d), as amended, 29 U.S.C.A., § 206(d); and, the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

Defendants moved for summary judgment on Plaintiff's claims of gender discrimination, unequal pay, disability discrimination[1] and intentional infliction of emotional distress ("IIED"). Defendant Roth also moved separately for monetary sanctions under Federal Rule of Civil Procedure 11, seeking attorneys' fees and other expenses. On March 30, 2004, this Court granted summary judgment in favor of all Defendants on the unequal pay and failure to promote claims, while denying summary judgment as to Defendant Arzee Supply on the sexual harassment, IIED and retaliatory termination claims. Summary judgment was also granted as to Defendant Gilbert on all claims. Additonally, the application for sanctions under Federal Rule 11 was also denied.

On or about April 13, 2004, Defendants served an offer of judgment to settle the

---

[1] Plaintiff's disability claim was subsequently withdrawn by Plaintiff, and thereby rendered moot.

remaining claims. Plaintiff rejected the offer. Subsequently, the matter was tried to a jury from June 22, 2004 through July 2, 2004, and the jury returned a verdict in favor of Defendant Arzee Supply on July 2, 2004.

Defendants Roth and Arzee Supply now move for attorneys' fees, as well as costs and disbursements. In total, Defendants petition this Court for a total award of $143,323.79, which includes $136,727.50 in attorneys' fees. Defendants, pursuant to Local Civil Rule 54.1, also seek costs in the amount of $6,596.29 for items such as deposition transcripts, computer assisted research and copying.

## LEGAL DISCUSSION

**A.     Attorneys' Fees**

As a general matter, unless there is legislation to the contrary, litigants must bear their own attorney fees. <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 257 (1975). The statutory authority for awarding attorneys' fees in Title VII cases is set forth in 42 U.S.C. § 2000e-5(k). That section provides:

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k). The "prevailing party" may be either the plaintiff or the defendant. However, in <u>Christiansburg Garment Co. v. E.E.O.C.</u>, 434 U.S. 412 (1978), the Supreme Court held that the standard varies for awarding attorneys' fees to the prevailing defendant as opposed to the prevailing plaintiff.

> In Christiansburg, the Court recognized that while a liberal fees standard should be used for those parties whose suits Congress wished to encourage, and who needed this encouragement to bring the suits, a stricter standard was appropriate for defendants, who needed no encouragement to defend suits against them and who were not vindicating an important public policy. Before adopting a standard for granting attorneys' fees to prevailing employers under MPPAA, we must engage in a similar examination of the equitable considerations supporting such an award.

Dorn's Transp., Inc. v. Teamsters Pension Trust Fund of Philadelphia and Vicinity, 799 F.2d 45, 49 (3d Cir. 1986).  In Christiansburg, the Court defined the standard for prevailing defendants as follows:

> [A] district court may in its discretion award attorneys fees to a prevailing defendant in a Title VII case upon on finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.

Christiansburg, 434 U.S. at 421.  The Court further noted that lower courts should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  Id. at 421-22.  Generally, fee-shifting in a prevailing defendant's favor under the Christiansburg model is not routine and should be exercised sparingly.  E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997), cert. denied, 522 U.S. 1147 (1998); see also Quiroga v. Hasbro, 934 F.2d 497, 503 (3d Cir.) (noting that "attorney's fees are not routine, but are to be only sparingly awarded."), cert. denied, 502 U.S. 940 (1991).

"'Determinations regarding frivolity are to be made on a case-by-case basis.'" L.B. Foster, 123 F.3d at 751 (quoting Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (1985)).  Courts may look to several factors in considering fees for a prevailing defendant, including: (1)

whether the plaintiff made a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case before trial or held a full-blown trial on the merits. L.B. Foster, 123 F.3d at 751 (citations omitted). The Court may also consider: (1) whether the question in issue was one of first impression requiring judicial resolution; and (2) whether the controversy is based sufficiently upon a real threat of injury to the plaintiff. Barnes Found. v. Township of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001) (citing L.B. Foster, 123 F.3d at 751); Robert S. v. City of Philadelphia, 2001 U.S. Dist. LEXIS 13485, *6-7 (E.D.Pa. Aug. 28, 2001). These factors should provide guidance. In evaluating Defendants' motions for attorneys' fees, this Court takes note of the policy behind fee-shifting in favor of prevailing defendants. "The Christiansburg test is intended to strike a balance between the need to eliminate the possible chilling effect on civil rights plaintiffs, who may decide not to pursue a meritorious suit for fear of suffering a fee award, and the goal of deterring plaintiffs from filing frivolous claims." Hamer v. Lake County, 819 F.2d 1362, 1366 (7th Cir. 1987) (internal quotations omitted). The Court will now examine Plaintiff's allegations to determine whether those claims were "frivolous, unreasonable, or without foundation."

      1.     **Unequal Pay and Failure to Promote**

Plaintiff alleged that Defendants discriminated against her regarding her pay, in violation of the NJLAD and the Equal Pay Act. (Amend Compl., Counts I and III). Plaintiff also charged that Defendants failed to promote her in violation of Title VII and the NJLAD. (Amend. Compl., Count I). In its Opinion and Order of March 30, 2004, this Court granted summary judgment on both claims. The Court will apply the factors presented in L.B. Foster, 123 F.3d at 751.

First, the Court notes that Plaintiff did not make out a prima facie case on her unequal pay

or failure to promote claims, as summary judgment was granted in favor Defendants on these claims. Second, although Defendants served an offer of judgment for $50,000 to settle the case, Plaintiff maintained a demand of $100,000. (McMurdy Aff., ¶¶ 12-13). The Court cannot say, however, that this demand was wholly unreasonable, or an otherwise unrealistic demand in light of the claims alleged. Finally, the case was not dismissed prior to trial, as the sexual harassment/hostile work environment claims, unlawful retaliation claims and the IIED claims proceeded to trial on June 22, 2004.

Notwithstanding the aforesaid, the Court concludes that Plaintiff set forth colorable claims for unequal pay and failure to promote even though Plaintiff could not survive summary judgment on these claims. Plaintiff's assertions against Defendants were weak with little chance of success, rather than frivolous with no chance of success. Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999). Plaintiff had proffered evidence that the salary of one of the male employees exceeded Plaintiff's salary during some of the years of her employment, although the Court ultimately concluded that Plaintiff did not "present[] any actual evidence to demonstrate that the job function she performed at Arzee Midstate was substantially equal to the jobs performed by the male employees[,]" see Opin. and Order, at 14. Grigoletti v. Ortho Pharm. Corp., 118 N.J. 89, 102 (1990) (noting that a claimant must demonstrate that her salary was lower than the salary paid to employee of the opposite sex, for equal work). Accordingly, the Court cannot say that this claim was totally without merit.

Similarly, Plaintiff's claim for failure to promote was not frivolous as she did point to evidence that several employees took over functions or responsibilities previously handled by Plaintiff. The Court ultimately found, however, that Plaintiff failed to allege that she was denied a

specific position or applied for another position at Arzee Midstate. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (holding that claimant must show that she "applied and was qualified for a job for which the employer was seeking applicants...."). Accordingly, in light of these findings, Plaintiff's claims for unequal pay and failure to promote were not "frivolous, unreasonable, or without foundation" under Christianburg, 434 U.S. at 421, and thus, the attorneys' fees incurred in defending these claims are not compensable.

    2.    **Sexual Harassment, Intentional Infliction of Emotional Distress and Retaliatory Termination**

This Court previously granted summary judgment in favor of Defendants Gilbert and Roth in their individual capacities for Plaintiff's hostile work environment claim under Title VII and NJLAD. (Amend. Compl, Count II).[2] In the March 30 Opinion and Order, this Court refused to extend individual liability to these Defendants, see Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996), and further, did not find that these Defendants aided or abetted in the alleged misconduct, see Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 126 (3d Cir. 1999), cert. denied, 528 U.S. 1074 (2000). Nonetheless, Plaintiff's claim for sexual harassment/hostile work environment did not reach the level of frivolousness or unreasonableness under Christianburg. It cannot be said that Plaintiff's harassment claim should never have been brought in the first instance, as Plaintiff charged that certain managers at Arzee Supply subjected her to harassment on several occasions. Indeed, such a finding was made by the jury. Accordingly, the record in this case was not devoid of evidence concerning allegations of harassment.

---

[2] Plaintiff's claim against Arzee Supply was not raised by Defendants, and accordingly, not addressed on summary judgment.

The Court further finds that Plaintiff's retaliation claim and IIED was not brought in bad faith.  Defendants' motion as to retaliation was denied, as the Court found that there were genuine issues of material fact as to whether a casual link existed between her termination and her complaints of alleged sexual harassment.  Additionally, the Court found that there were material issues of fact concerning the IIED claim.  In light of the foregoing, Plaintiff's claims were not frivolous or unfounded, and as such, attorneys' fees under Christianburg are not warranted.

**B.      Costs and Disbursements**

Defendants also petition the court for costs and disbursements.  Specifically, Defendants seek the cost of deposition transcripts under L. Civ. R. 54.1 (g)(7), copies of papers used for dispositive motions and for trial under L. Civ. R. 54.1 (g)(9), and computer-assisted research.  Under the Federal Rules of Civil Procedure, the prevailing party is entitled to costs unless "the court otherwise directs."  Fed. R. Civ. P. 54.1(d)(1).[3]  The costs capable of recoupment are set forth in 28 U.S.C. § 1920.[4]  "Rule 54(d) requires that such taxable costs be awarded to the

---

[3]This section provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice.

Fed. R. Civ. P. 54(d)(1).

[4]These costs include:
  (1) Fees of the clerk and marshal;
  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

prevailing party unless the court finds and articulates a reason why that party does not deserve such an award." Friedman v. Ganassi, 853 F.2d 207, 209 (3d Cir. 1988), cert. denied, 488 U.S. 1042 (1989) (citing Samuel v. Univ. of Pittsburgh, 538 F.2d 991, 999 (3d Cir. 1976); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, 664-65 (3d Cir. 1975)).  The Court thus retains discretion to deny costs in an appropriate case.  Flood v. City of East Orange, 563 F.Supp. 341 (D.N.J. 1982) (denying defendant [prevailing party] costs after a finding that case could have been resolved but for inattentive defendant); In Re Paoli Railroad Yard PCB Litig., 221 F.3d 449, 453 (3d Cir. 2000).

A court may apportion a costs award, granting costs on certain aspects of the party's claim and denying costs as to others.  Johnson v. Orr, 739 F.Supp. 945, 948 (D.N.J. 1998).  The court also has the option to consider the indigency of the party against whom the costs are sought, and upon making a finding of indigency, "may, but need not automatically, exempt the losing party from paying costs."  In re Paoli, 221 F.3d at 467.  In making this determination, the Paoli Court outlined several factors that should be considered, including the relative disparity of wealth between the parties and the indigence or inability of the losing party to pay.  Id. at 463.  The Court considers a losing party's inability to pay as the most important of these factors.  Id.  Further, the Third Circuit directed district courts to adopt a case-by-case approach.  Id.

According to Plaintiff, she has sought partial unemployment benefits, while her total

---

(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

expenses amount to $2029 a month. (Hessert Aff. at ¶ 36). In addition, Plaintiff has been working as a temporary employee and has not been able to find a job with benefits since the trial ended. (Hessert Aff. at ¶ 43). She also reveals that her unemployment benefits have expired and she is without health insurance. (<u>Id.</u> at ¶¶ 32, 41). Additionally, she declares that she requires the financial assistance of her father. (<u>Id.</u> at ¶ 35). Having reviewed Plaintiff's submissions and in light of the relative disparities in wealth between the parties, the indigence of Plaintiff and the equities of the matter <u>sub judice</u>, this Court concludes that to require Plaintiff to pay costs in this matter would be unduly burdensome. Accordingly, the motion is denied.

## CONCLUSION

For all of the reasons set forth in the preceding pages, it is on this 16th day of May 2005 hereby:

**ORDERED** that Defendants' motion for attorneys' fees [#65] is hereby DENIED; and it is further

**ORDERED** that the motion for costs and disbursements is also DENIED.

It is so ordered.

DATED: May 16, 2005

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE